UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL CHECO,<br><br>    Petitioner,<br><br>v.<br><br>W.I. LeBLANC, JR., Warden,<br><br>    Respondent. | Civil No. 05-490 (DSD/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 1998, Petitioner pled guilty to federal racketeering and firearm charges that were brought against him in the Southern District of New York. He received a 204-month federal prison sentence, which he is currently serving at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner challenged his conviction and sentence on direct appeal, but his appeal was dismissed. United States v. Checo, No. 98-1509 (2nd Cir. 1999), 1999 WL 1253982 (unpublished opinion). He later filed a motion in the trial court seeking relief under 28 U.S.C. § 2255, but that motion was denied. Checo v. United States, No. 00 CIV. 5978 (LAK), S1 96 CR. 1099 (LAK), (S.D.N.Y. 2000), 2000 WL 1278183.

In his present application for habeas corpus relief, Petitioner claims that his sentence was based, in part, on factual determinations made by the trial court judge, rather than a jury, and that his sentence should therefore be set aside pursuant to the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims in a § 2241 habeas corpus petition. It will therefore be recommended that this action be summarily dismissed.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or

sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the prison sentence that was imposed in his 1998 federal criminal case. He claims that his constitutional rights were violated during the sentencing process, and that his sentence should therefore be vacated. Thus, the Court finds that the present petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already filed a § 2255 motion in the trial court. Any § 2255 action that Petitioner might now attempt to pursue would have to be treated as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the

Second Circuit Court of Appeals.  28 U.S.C. §§ 2244(b)(3) and 2255 [ ¶ 8 ].[2]

Without a pre-authorization order from the apposite circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion).  Because the instant Petitioner has not obtained a pre-authorization order from the Second Circuit Court of Appeals, the trial court

---

[2]  According to 28 U.S.C. § 2255 [ ¶ 8 ]:

>"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

>"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

could not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Moreover, it is obvious that Petitioner has deliberately elected to seek relief under the § 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because (he believes) he is not presently eligible for relief under § 2255. That reasoning must be rejected.

The rule against successive § 2255 motions would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. The Eighth Circuit Court of Appeals presumably had this in mind when it held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered


inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

The Court fully recognizes, of course, that Apprendi, Blakely and Booker had not yet been decided when Petitioner filed his direct appeal and first § 2255 motion, so he could not have cited those particular cases in his previous challenges to his sentence. That does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for Petitioner's current claims based on Apprendi, Blakely and Booker.

In Perez, supra, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring Apprendi claims in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an Apprendi issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims. 286 F.3d at 1062. The Court explained its ruling in Perez as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is Apprendi itself, not the remedy by § 2255 motion. To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively."

Id. (emphasis added). The Court later added that –

> "Appellants' attempts to gain relief [under Apprendi] have not been hampered by the § 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court."

Id.

The Court's holding in <u>Perez</u> is directly applicable to Petitioner's current claims based on <u>Apprendi</u>, and the Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's claims based on <u>Blakely</u> and <u>Booker</u>. If the holdings of <u>Blakely</u> and <u>Booker</u> establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," then Petitioner could raise his <u>Blakely-Booker</u> claims in a "second or successive" § 2255 motion. 28 U.S.C. § 2255 [ ¶ 8 ].[3] In fact, however, the Supreme Court has <u>not</u> held <u>Blakely</u> or <u>Booker</u> (or <u>Apprendi</u>) to be retroactively applicable on collateral review. See <u>Simpson v. United States</u>, 376 F.3d 679, 681 (7th Cir. 2004) ("[t]he Supreme Court has not made the <u>Blakely</u> rule applicable to cases on collateral review"); <u>In re: Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004) (concluding that the Supreme Court has not held <u>Blakely</u> to be retroactively applicable, and further noting that, in fact, "the Supreme Court has strongly implied that <u>Blakely</u> is not to be applied retroactively"); <u>Carmona v. United States</u>, 390 F.3d 200, 202 (2nd Cir. 2004) ("[t]o date, the Supreme Court has not, in any other case, announced <u>Blakely</u> to... apply retroactively on collateral review"). Moreover, the lower federal courts have concluded, with virtual unanimity, that <u>Blakely</u> and <u>Booker</u> (as

---

[3] The Court acknowledges Petitioner's contention that <u>Blakely</u> and <u>Booker</u> do <u>not</u> establish a "new rule of constitutional law." (Petitioner's "Memorandum of Law in Support," [Docket No. 2], pp. 3, 19.) But if that is so, then it is even more clear that Petitioner cannot present a <u>Blakely-Booker</u> claim for the first time in a post-2255 proceeding. If Petitioner's claims were based on some rule of law that pre-dates the <u>Apprendi-Blakely-Booker</u> line of cases, as Petitioner seems to be arguing, then he is effectively conceding that he could have raised his current claims for relief in one of his earlier legal challenges to his conviction and sentence, including his prior § 2255 motion. That would mean, of course, that the remedy provided by § 2255 should <u>not</u> be viewed as inadequate or ineffective. In truth, Petitioner's only hope of securing review of his <u>Blakely-Booker</u> claim is to have the Supreme Court someday expressly declare that <u>Blakely</u> and <u>Booker</u> <u>do</u> establish "a new rule of constitutional law, made retroactive to cases on collateral review," for purposes of § 2255 [ ¶ 8 ], which would allow him to file another § 2255 motion in the trial court.

7

well as Apprendi) are definitely not retroactively applicable.  The body of federal case law holding that Blakely and Booker are not retroactively applicable on collateral review is growing almost daily.  See e.g., McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Varela v. United States, No. 04-11725, ___ F.3d ___, (11th Cir. Feb. 17, 2005), 2005 WL 367095; Humphress v. United States, No. 03-5951, ___ F.3d ___, (6th Cir. Feb. 25, 2005), 2005 WL 433191; United States v. Aikens, No. 01-335 (E.D.Pa. Feb. 25, 2005), 2005 WL 433440 at *7-8; Frost v. United States, Crim. No. 02-37-PB (D.N.H. Feb. 11, 2005), 2005 WL 331470; Rucker v. United States, No. 2:04-CV-00914PGC (D.Utah Feb. 10, 2005), 2005 WL 331336 at * 10; Hamdani v. United States, No. No. CIV. 04-3332 (E.D.N.Y. 2005), 2005 WL 419727; United States v. Quintero-Araujo, 343 F.Supp.2d 935, 945 (D.Idaho 2004); Tisdale v. United States, No. 99-10016-01-WEB, 04-3136-WEB (D.Kan. 2004), 2004 WL 2782725 at * 7; United States v. Cino, 340 F.Supp.2d 1113, 1117-18 (D.Nev. 2004); Garcia v. United States, No. 04-CV-0465 (N.D.N.Y. 2004) 2004 WL 1752588 at *6; United States v. Davis, 348 F.Supp.2d 964, 968 (N.D.Ind. 2004); United States v. Stancell, 346 F.Supp.2d 204, 206 (D.D.C. 2004); Lilly v. United States, 342 F.Supp.2d 532, 538-39 (W.D.Va. 2004).  Two cases decided in this District – United States v. Stoltz, 325 F.Supp.2d 982 (D.Minn. 2004) (Doty, J.) and United States v. Falodun, Crim. No. 01-380(1) (ADM/RLE) (D. Minn. 2004) (Montgomery, J.), 2004 WL 2397612 – can also be added to the foregoing list of precedential authorities.

   It is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his Blakely and Booker claims in a § 2255 motion.  As the Court of Appeals explained in Perez:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062. Therefore, even for Petitioner's new Apprendi, Blakely and Booker claims, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."

### III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence imposed by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to Petitioner, his present § 2241 habeas corpus petition challenging his 1998 federal prison sentence cannot be entertained here. See Bauer v. Ashcroft, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

9

**IV.     RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED.

Dated: March 15, 2005

                                           s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 1, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.